THOMAS *v.* THOMAS ET AL.

[No. 12,539.    Filed July 1, 1926.]

MINES AND MINERALS.—*Partnership owning and operating coal mine not liable to the son of one of the partners employed to work in her place.*—Where a brother and sister owned and operated a coal mine as partners, both working therein, the work of each offsetting that of the other, the partnership would not be liable to the sister's son who was employed by her to work in the mine in her place, the liability, if any, would be a personal liability of his mother.

From Vigo Superior Court; *L. R. Hilleary,* Judge pro tem.

Action by Reuben Thomas against John Thomas and another, partners. From a judgment for defendants, the plaintiff appeals. *Affirmed.* By the court in banc.

*E. L. Swadener,* for appellant.

McMahan, P. J.—Appellant began this action against his mother, Lillie Thomas, and against his uncle, John Thomas, appellees herein, to recover an amount which he claimed was owing him for working in a coal mine owned by them as partners, and to foreclose a miner's lien. From a judgment in favor of appellees, appellant appeals and contends that the decision of the court is not sustained by sufficient evidence and is contrary to law.

Appellees, as partners, were the owners of a small coal mine in which appellant performed labor. The evidence is sufficient to sustain a finding that appellant, was not employed by the partnership; that he was employed by his mother to work for her in the operation of the mine; that he and his mother received all of the income from the mine to which they were entitled; that appellee John Thomas worked in the mine as a partner while appellant took his mother's place in the mine, the labor of one off-setting the labor of the other; and that, as coal was sold, the money received was divided between the partners. The court was justified in finding that there was no liability on the part of the partnership to appellant, and that he was not entitled to a lien on the partnership property. If any one owed him any money for this work, it was a personal liability of his mother, for which she would be individually responsible.

Judgment affirmed.